**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

**In Admiralty**

Complaint of Julio Salas and Monica Salas

As owners of the vessel "AZ 5368 BG" and her engines, tackle, appurtenances, etc.,

Plaintiffs-in-Limitation,

For Exoneration from or Limitation of Liability.

No. CV-18-08019-PCT-JJT

**ORDER**

At issue is Claimants Brandi Hart and Nathan Preuit's Motion to Dismiss Plaintiffs-In-Limitation's Complaint for Exoneration from or Limitation of Liability (Doc. 14, Mot.), which Claimant Wayne Ramos joined (Doc. 15). Plaintiffs-In-Limitation ("Plaintiffs") Monica Salas and Julio Salas filed a Response (Doc. 21, Resp.).

**I.     FACTUAL BACKGROUND**

On August 6, 2017, Plaintiffs loaned their 24-foot fiberglass "Carrera" motorboat ("the Vessel") to their daughter, Nicole Salas Jahnke. (Doc. 1, Compl. ¶ 4). Jahnke and five friends, including Claimants Hart and Preuit, used the Vessel on Lake Havasu for a day of recreation. (Compl. ¶ 5.) Claimants contend that, at all relevant periods of the outing, Jahnke was driving the Vessel. (Mot. at 2–3.)

Upon the group's return to the marina around 9:23 p.m., another speedboat approached—a 27-foot Eliminator Daytona watercraft ("Eliminator") owned by Claimant Karen Rea and her husband Henry Rea. (Compl. ¶ 5; Doc. 18, Answ. ¶ 5.) The Eliminator was operated by Henry Rea. (Compl. ¶ 5; Answ. ¶ 5.) Plaintiffs allege the Eliminator was

traveling at around 50 miles per hour and was unlighted. (Compl. ¶ 5.) Plaintiffs also allege that Jahnke attempted evasive action but was unable to avoid a collision. (Compl. ¶ 5.) Hart and Preuit agree that Jahnke did in fact attempt evasive action, but only after Preuit shouted at her to warn her of the oncoming Eliminator. (Mot. at 3.) Hart and Preuit also allege that Jahnke had consumed alcohol at some point during the outing. (Mot. at 2.) The Eliminator and the Vessel collided, ejecting and seriously injuring several passengers, including Hart and Preuit. (Compl. ¶5, Mot. at 3.) Henry Rea was killed, and the Eliminator sank. (Compl. ¶ 5.) All of the passengers boarded the Vessel and Jahnke operated it back to the marina, where emergency personnel were waiting. (Compl. ¶ 5.)

Plaintiffs filed their Complaint for Exoneration from or Limitation of Liability on February 6, 2018. (Compl.) As owners of the Vessel, they seek to either exonerate or limit their liability under 46 U.S.C. § 30511 ("Limitation Act"). They allege that "the net value of the Vessel at the end of the voyage on August 6, 2017 did not exceed [$2,500]." (Compl. ¶ 14.) As required by the statute, some claimants[1] notified Plaintiffs that they would commence actions against them, and Plaintiffs allege those suits will seek more than $2,500. (Compl. ¶ 21.) Plaintiffs seek to exonerate their liability, or failing that, limit it to $2,500. Hart and Preuit now move to dismiss Plaintiffs' Complaint. (Mot.)

## II. LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

---

[1] It is yet unclear who will institute actions against Plaintiffs. The Court ordered that all persons having any such claim must file them on or before July 20, 2018, but in April stayed the "institution or prosecution" of all such actions until the resolution of Plaintiffs' Exoneration from or Limitation of Liability Claim. (Docs. 4; 6.)

When analyzing a complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

## III. ANALYSIS

Claimants Hart and Preuit seek to dismiss Plaintiffs' Complaint on two grounds. Claimants first argue that Plaintiffs fail to state a claim upon which relief may be granted because "Plaintiffs fail to plead any facts to support the clear recitation of the elements necessary to satisfy a claim under the Limited Liability Act." (Mot. at 6.) Claimants also move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, arguing that Plaintiffs failed to prove that the accident occurred in navigable waters. (Mot. at 7–8.) The Court turns first to this threshold matter of jurisdiction.

### A. Subject Matter Jurisdiction

Federal district courts have jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333. As explained in *H2O Houseboat Vacations Inc. v. Hernandez*, the Ninth Circuit applies a two-prong test of "location and connection" to determine whether "an alleged tort involving a pleasure craft . . . forms the proper basis for maritime tort subject matter jurisdiction." 103 F.3d 914, 916 (9th Cir. 1996).

The first prong of the test requires that the incident occurred on navigable water. *Id.* The Ninth Circuit has clearly established that Lake Havasu is a navigable waterway. *Id.* Claimants cite to the Code of Federal Regulations to refute this conclusion, but their citation is inapposite. (Mot. at 8.) The regulation states that the waters of Lake Havasu within Arizona, "except the portion within Havasu Lake National Wildlife Refuge" are "navigable waters . . . designated as State waters for private aids to navigation." 33 C.F.R.

§ 66.05-100. Claimants do not establish that navigable waters somehow become unnavigable if they are also "State waters for private aids to navigation." Furthermore, Claimants admit that the incident occurred inside the Wildlife Refuge but make no argument that the exception of that area from the regulation means that the Refuge is also excluded from the regulation's definition of navigable waters. (Mot. at 8.) Even forgetting the fact that the Ninth Circuit has repeatedly found Lake Havasu to be navigable water, citation to this regulation does not advance the argument that Claimants attempt to make.

After concluding that the location of the tort was on navigable water, the Court must decide whether "there is a connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). A maritime "connection" requires two inquiries: (1) "whether the incident involved was of a sort with the potential to disrupt maritime commerce;" and (2) "whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *Id.* at 538–39. The first inquiry deals with the "potential effects" of the incident. *Id.* at 538. Here, a collision in a populated area of Lake Havasu and a sunken boat that could create a hazard for other vessels certainly have the "potential to disrupt maritime commerce." *Id.* The second inquiry asks "whether a tortfeasor's activity . . . is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply." *Id.* at 539. The Supreme Court found that "[n]avigation of boats in navigable waters" clearly falls within those activities closely related to admiralty. *Id.* at 540 (citing *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982)). Simply navigating the Vessel in Lake Havasu is enough to satisfy this second inquiry. Thus, the incident at issue meets the "connection" and "location" prongs of the jurisdiction test. The Court has subject matter jurisdiction under 28 U.S.C. § 1333.

**B. Failure to State a Claim**

Claimants argue that Plaintiffs have not alleged facts sufficient to support a plausible claim and instead offer "only conclusory statements." (Mot. at 5.) In fact, Plaintiffs have alleged sufficient facts to survive a Rule 12(b)(6) motion. In paragraphs 2

through 10 of their Complaint, Plaintiffs lay out the facts surrounding the incident and allege that they own the Vessel, loaned it to Jahnke and were otherwise not involved in the collision, and that Jahnke was operating it at the time of the collision. (Compl. ¶¶ 2–10.) The Court must take these factual allegations as true. *See Cousins*, 568 F.3d at 1067.

Even if Claimants are correct that some of Plaintiffs' statements—such as their assertion that the collision "occurred without the privity or knowledge" of Plaintiffs—are conclusory, other allegations do provide facts that support a plausible claim. And despite Claimants' implications to the contrary, dismissal is not appropriate where *some* allegations are conclusory, but instead is appropriate where a complaint contains *only* "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. That is not the case here.

The Court need not reach Plaintiffs' argument about burden shifting in Limitation Act cases. (Resp. at 7.) At the merits stage, Claimants may argue that Plaintiffs were negligent in loaning the Vessel to Jahnke, and Plaintiffs will then be free to argue a lack of privity or knowledge. But that is not for the Court to decide today, and it is not necessary in concluding that the Complaint must survive Claimants' Motion to Dismiss.

### IV. CONCLUSION

Claimants' Motion to Dismiss is denied because the Court has jurisdiction and Plaintiffs provided factual allegations sufficient to survive the Rule 12(b)(6) stage. Many of Claimants' arguments would be more properly raised at the merits stage of this dispute.

**IT IS THEREFORE ORDERED** denying Claimants' Motion to Dismiss Plaintiffs-In-Limitation's Complaint for Exoneration from or Limitation of Liability (Doc. 14).

**IT IS FURTHER ORDERED** that Claimants Hart and Preuit shall file an Answer to the Complaint within the time limit set forth in Rule 12.

Dated this 12th day of February, 2019.

Honorable John J. Tuchi
United States District Judge

- 5 -